UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-385 CAS |
| SPIRIDON & KOULA MAKRIDIS, LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a proposed amended complaint submitted by pro se plaintiff Connie Steelman, which the Court construes as a motion for leave to file an amended complaint.[1]  The Court is mindful that leave to amend should be freely granted when justice so requires.  See Rule 15(a)(2), Federal Rules of Civil Procedure.

---

[1]Rule 15(a), Federal Rules of Civil Procedure states in pertinent part:

(1) **Amending as a Matter of Course**.  A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) **Other Amendments**.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The Court finds that Rule 15(a)(2), rather than Rule 15(a)(1), is applicable to plaintiff's request to amend her complaint prior to service on the defendants.  This is because the time limits of Rule 15(a)(1) are triggered by service of the complaint, which has not yet occurred in this case, or by service of a responsive pleading, which cannot occur until plaintiff serves the defendants.  Consequently, plaintiff's pre-service request to amend falls within the "[i]n all other cases" language of Rule 15(a)(2), and leave of Court is required to amend.  After plaintiff obtains service on the defendants, she will still have the right to amend her complaint once as a matter of course as provided by Rule 15(a)(1).

Plaintiff's proposed amended complaint is not accompanied by a memorandum to the Court explaining how the pleading is different from the original complaint. A review of the complaints reveals two primary differences. First, the proposed amended complaint omits the defendant from the original complaint, Spiridon & Koula Makridis LLC, d/b/a G & D Steakhouse, and substitutes in its place "Spiridon & Koula Makridis, d/b/a G & D Steakhouse." Thus, the amended complaint appears to name as defendants two individuals, Spiridon Makridis and Koula Makridis, doing business as G & D Steakhouse, instead of the corporate defendant. If the Court's interpretation of the proposed amended complaint is correct, plaintiff should list the two individual defendants' names separately in both the caption and body of the complaint.[2]

The second primary difference between the complaints concerns the property location. The original complaint states that the restaurant at issue is located at 1060 South Bishop, in Rolla, Missouri. See Complaint at 1, ¶ 2, & at 3, ¶ 7. The proposed amended complaint states in one paragraph that the restaurant is located at 1060 South Highway 63, in Rolla, Missouri, see Amended Complaint at 1, ¶ 2, but states in another paragraph that the restaurant is located at 1060 South Bishop, in Rolla, Missouri, id. at 2, ¶ 7. Both the original Complaint and the proposed Amended Complaint concern alleged violations of Title III of the Americans With Disabilities Act at G & D Steakhouse, but the proposed Amended Complaint lists two different locations for G & D Steakhouse. As a result, the Court concludes that an error exists as to one of the two property

---

[2]The substitution of parties plaintiff seeks is proper if plaintiff has learned facts indicating that the two individual defendants, rather than the corporate defendant named in the original complaint, own, lease, lease to, or operate G & D Steakhouse. Such a substitution would not be proper in the absence of plaintiff's knowledge of such facts. Plaintiff is reminded that under Rule 11(b)(4), Fed. R. Civ. P., by signing and submitting a pleading to the Court, she "certifies that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (4) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"

2

locations pleaded in the proposed Amended Complaint.  The Court will therefore deny plaintiff's motion for leave to file an amended complaint without prejudice, and direct plaintiff to submit a proposed Amended Complaint that includes the correct property address.  Plaintiff shall also file a motion for leave to amend her complaint.

Finally, plaintiff's response to the Court's Order of October 11, 2012, which ordered that she provide an address for service of process on the defendant, is unclear as a result of plaintiff's submission of a proposed Amended Complaint and the error contained therein.  Plaintiff's response states that she "has an address of the property, which is located at 1060 South Hwy. 63, Rolla, Missouri." (Doc. 24).  As noted above, the proposed Amended Complaint states that this address is the location of the restaurant, but also states that 1060 South Bishop Road is the location of the restaurant.  The Court will require plaintiff to file a response to this Memorandum and Order that clearly states the address or addresses at which the two individual defendants can be served with summons and complaint pursuant to Rule 4(e), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED without prejudice**.  [Doc. 25]

**IT IS FURTHER ORDERED** that by **November 27, 2012**, plaintiff shall submit a motion for leave to file an amended complaint, along with a proposed amended complaint that complies with this Memorandum and Order's instructions with respect to (1) separately pleading the names of the defendants, and (2) providing the correct address of the restaurant property at issue.

**IT IS FURTHER ORDERED** that by **November 27, 2012**, plaintiff shall file a Response to this Memorandum and Order stating an address or addresses at which service of process can be made on defendants Spiridon Makridis and Koula Makridis.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply fully and timely with this Memorandum and Order will result in the dismissal of this action without prejudice pursuant to Rule 4(m), Fed. R. Civ. P., and/or for failure to obey the orders of the Court pursuant to Rule 41(b), Fed. R. Civ. P.

                                                                                                **CHARLES A. SHAW**
                                                                                                **UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of November, 2012.